UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

EDWARD KALWASINSKI,

                Plaintiff,

vs                                       9:09-CV-214

TERI MAXYMILLIAN, Director of Sex Offender
Treatment Program for New York State; MICHAEL
HOGAN, New York State Office of Mental Health
Commissioner; and DONALD SAWYER, Executive
Director of CNYPC,

                Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

EDWARD KALWSINSKI
Plaintiff, Pro Se
#179041
CNY Psychiatric Center
PO Box 300
Marcy, NY 13403

HON. ANDREW M. CUOMO             DEAN J. HIGGINS, ESQ.
Attorney General of the               Asst. Attorney General
  State of New York
Attorney for Defendants
Department of Law
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Plaintiff, Edward Kalwasinski, commenced this civil rights action in February 2009, pursuant to 42 U.S.C. § 1983. By Report-Recommendation dated December 22, 2010, the Honorable George H. Lowe, United States Magistrate Judge, recommended that plaintiff's

motion for summary judgment (Dkt. No. 33) be denied.  The Magistrate Judge further recommended that defendants' motion for summary judgment (Dkt. No. 37) be granted in part and denied in part, recommending that the court grant defendants' motion and dismiss the following claims: (1) the free exercise and RLUIPA claims regarding the use of bowls and utensils; (2) the free exercise and RLUIPA claims regarding CNYPC's practice of serving fish on Fridays; (3) any Establishment Clause claim regarding CNYPC's practice of serving fish on Fridays; (4) the due process claim; (5) the Eighth Amendment claim; and (6) all claims against defendant Hogan.  The Magistrate Judge further recommended that the following claims survive the pending motions: (1) the free exercise and RLUIPA claims regarding the lack of Al Jumu'ah services at CNYPC; (2) the free exercise and RLUIPA claims regarding the lack of a Halal menu at CNYPC; (3) the claim regarding CNYPC's requirement that plaintiff attend classes on Fridays; and (4) the claim that defendants denied plaintiff sacred foods on holidays.  The Magistrate has also advised the parties they should be prepared, in further proceedings, to fully brief whether the legitimate Penological interest or the compelling government interest test should be applied to this case.  No objections to the Report-Recommendation have been filed.

       Based upon a careful review of the file, and the recommendations of  Magistrate Judge Lowe, the Report-Recommendation is accepted and adopted in all respects.  See 28 U.S.C. 636(b)(1).

       Accordingly, it is

       ORDERED that

    1.  Plaintiff's motion for summary judgment (Dkt. No. 33) is DENIED;

    2.  Defendants' motion for summary judgment (Dkt. No. 37) is GRANTED IN PART and DENIED IN PART;

    3.  The defendants' motion for summary judgment is GRANTED with the exception of the following claims which are DISMISSED:

        (a)  The free exercise and RLUIPA claims regarding the use of bowls and utensils;

        (b)  The free exercise and RLUIPA claims regarding CNYPC's practice of serving fish on Fridays;

        (c)  Any Establishment Clause claim regarding CNYPC's practice of serving fish on Fridays;

        (d)  The due process claim; and

        (e)  The Eighth Amendment claim;

    4.  All claims against defendant Hogan are DISMISSED;

    5.  The following claims will survive the pending motions:

        (a)  The free exercise and RLUIPA claims regarding the lack of Al Jumu'ah services at CNYPC;

        (b)  The free exercise and RLUIPA claims regarding the lack of a Halal menu at CNYPC;

        (c)  The claim regarding CNYPC's requirement that plaintiff attend classes on Fridays; and

        (d)  The claim that defendants denied plaintiff sacred foods on holidays.

    6.  The parties are advised that in all further proceedings, they should be prepared to fully brief whether the legitimate Penological interest or the compelling government interest test should be applied to this case;

7.  This matter is referred back to the Magistrate Judge for scheduling of any further proceedings that are required.

IT IS SO ORDERED.

Dated:   January 20,  2011
         Utica, New York.

_____
United States District Judge